UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VAUGHN S. WATROUS

v.                                                                                                C.A. No. 09-599 S

WARDEN T. SALISBURY, JR. ET AL.

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Vaughn S. Watrous, *pro se,* a former detainee at the Donald W. Wyatt Detention Facility ("Wyatt") and current inmate at the Adult Correctional Institutions in Cranston, Rhode Island filed a complaint in this Court on December 10, 2009 (the "Complaint") (Docket # 1). Plaintiff alleges that defendants, six current or former Wyatt administrators and officers, violated his civil rights. Presently before the Court are five motions filed by plaintiff:

(i)   Motion to Schedule a Trial Date (Docket # 27);

(ii)  Motion for Review/Entry (regarding Order returning document) (Docket # 28);

(iii) Motion for a Pretrial Conference and Scheduling of a Trial Date (Docket # 31);

(iv)  Motion for Hearing for Determination and To Compel a Ruling on all Previously and Currently Filed Motions (Docket # 32); and

(v)   Motion to Proceed Without Requirement of a Memorandum of Law (Docket #33).

Defendants have filed objections to the foregoing motions (Dockets ## 40-43 & 46-47). For the reasons set forth below, plaintiff's motions are DENIED.

## DISCUSSION

**I.   Motion To Schedule a Trial Date**

As noted by Defendants, Plaintiff's Motion to Schedule a Trial Date "seek[s] to circumvent the litigation process and proceed straight to final resolution" without the benefit of the discovery process or Federal Rules of Civil Procedure ("Federal Rules"). Memorandum of Law in Support of Objections to Plaintiff's Various Motions ("Memorandum") (Docket # 47), p. 2. Here, Defendants were served on December 29, 2009 and answered on January 12, 2010, seven days prior to the January 19, 2010 deadline for filing an answer established by the Federal Rules. Fed.R.Civ.P. 12(a). Plaintiff filed the instant motion on February 18, 2010, just over a month later, and Defendants timely responded. Discovery has not yet occurred in this case, and

a Rule 16 Pretrial Conference to establish the deadlines for discovery, dispositive motions, and pretrial memoranda has not yet taken place.[1] Therefore, plaintiff's Motion to Schedule a Trial Date is premature. Additionally, the Plaintiff is reminded that the Court schedules the trial dates; such dates are not determined by the demands of the parties. Accordingly, for all of these reasons, Plaintiff's Motion to Schedule a Trial Date is DENIED.

## II. Motion for Review/Entry Regarding Order Returning Document

Plaintiff's Objection and Motion for Review/Entry regarding an Order returning a document essentially seeks reconsideration of the Court's January 27, 2010 Order returning, without docketing, Plaintiff's Motion for Default Judgment for failure to include a certificate of service (Docket # 18). However, as Plaintiff re-filed the Motion for Default Judgment with a certificate of service that the Court docketed (Docket # 23), Plaintiff's Motion for Review/Entry is DENIED as moot.

## III. Motion For a Pretrial Conference and Scheduling of a Trial Date

A Pretrial Conference will be scheduled in this matter as determined by the Court, and, as set forth above, it is premature at this stage to schedule a trial date. Accordingly, Plaintiff's Motion for a Pretrial Conference and Scheduling of a Trial Date is DENIED.

## IV. Motion for Hearing for Determination and To Compel a Ruling on Previously and Currently Filed Motions

Plaintiff's Motion for Hearing for Determination and To Compel a Ruling on all Previously and Currently Filed Motions seeks improper relief. The dates on which motions are ruled on by the Court are solely within the province of the Court and are not determined by the demands of the parties. Further, Defendants are entitled to the time frame set forth in the Federal and Local Rules of Civil Procedure to respond to motions filed by Plaintiff. Accordingly, Plaintiff's Motion for Hearing for Determination and To Compel a Ruling on All Previously and Currently Filed Motions is DENIED.

---

[1] Although Defendants note that Rule 26(d) prevents the taking of discovery prior to a Rule 26(f) conference, as this action is one "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," as described in Rule 26(a)(1)(B)(iv), the requirements of Rule 26(d) do not apply here. Fed.R.Civ.P. 26.

### V. Motion to Proceed Without Requirement of Memorandum of Law

Plaintiff seeks a general ruling that he be exempt from filing memorandum of law in connection with all motions he previously filed, and will in the future file, in this action. Rule 7 of the Local Rules of Civil Procedure requires that all motions and objections, other than motions to extend time or compel discovery, be accompanied by a memorandum of law. LR Cv 7. While "courts hold *pro se* pleadings to less demanding standards than those drafted by lawyers," *pro se* litigants are required to follow the procedural rules of the Court. *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)("*pro se* litigants are not exempt from the procedural rules"). Therefore, although the Court has reviewed, and will continue to review, Plaintiff's *pro se* pleadings liberally, Plaintiff's Motion to Proceed Without Requirement of Memorandum of Law has no basis in law and is DENIED.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
March 23, 2010

3