UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

VAUGHN S. WATROUS

v.                                                                                                          C.A. No. 09-599 S

WARDEN T. SALISBURY, JR. ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

    Plaintiff, Vaughn S. Watrous, *pro se*, a former detainee at the Donald W. Wyatt Detention Facility ("Wyatt") and current inmate at the Adult Correctional Institutions in Cranston, Rhode Island filed a complaint in this Court on December 10, 2009 (the "Complaint") (Docket # 1). Plaintiff alleges that defendants, six current or former Wyatt administrators and officers, violated his civil rights. Presently before the Court is plaintiff's motion for the entry of Default Judgment against the defendants (Docket # 23). Defendants have objected to plaintiff's motion (Docket # 39). This matter has been referred to me for preliminary review and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that plaintiff's motion be DENIED.

## DISCUSSION

    In his motion, plaintiff urges the Court to enter default judgment against the defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure (the "Federal Rules") for failing to respond timely to the Complaint. However, I find that plaintiff's motion fails. First, no default has been entered against any of the defendants in this matter, and the entry of default is a prerequisite to the entry of default judgment under Federal Rule 55. *See, e.g., Husain v. Casino Control Com'n*, 265 Fed.Appx. 130, 133 (3d Cir. 2008)(citing 10A CHARLES ALAN WRIGHT, ARTHUR K. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2682 (2007)); *see also U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 168 n. 15 (1st Cir. 2004).

    Second, neither a default nor a default judgment should be entered against the defendants because defendants have timely answered the Complaint. *See* Fed.R.Civ.P. 55(a) (default should be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend"). The Complaint was served on defendants on December 29, 2009, and answers to the Complaint were due on January 19, 2010 (Dockets ## 10-16). Defendants

filed their answers to the Complaint on January 12, 2010 (Docket # 17), well within the time frame for answers set forth by the Federal Rules. *See* Fed.R.Civ.P. 12.

Accordingly, for the reasons stated above, I recommend that plaintiff's motion for default judgment be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
March 23, 2010